### POAGE v. McGOWAN and others.*

(*Circuit Court, S. D. Ohio, W. D.*   March 5, 1883.)

1. REISSUE INVALID BY REASON OF DEFECTIVE AFFIDAVIT—"INOPERATIVE AND INVALID" CONSTRUED.

   Where the affidavit, upon an application for the reissue of a patent, alleged simply that the patent sought to be reissued was not "fully valid and available," *held*, that that language is not the equivalent of the statutory requirement that the original must be "inoperative or invalid by reason of a defective or insufficient specification," and that a reissue predicated on such an affidavit is invalid.

2. Reissue No. 5,544, for improvement in water tanks for railways, *held* invalid.

*Reported by J. C. Harper, Esq., of the Cincinnati bar

In Equity. Suit on reissued letters patent No. 5,544, granted to the McGowan Pump Company. The original patent was No. 63,418, issued to John Morton for an improvement in water-tanks for railways.

*L. M. Hosea,* for complainant.

*Stem & Peck,* for respondents.

BAXTER, J. Complainant complains of an infringement by defendants of a patent which he claims to own. His prayer is for an injunction and an account. The original, of which complainant's patent is a second reissue, was issued on the second of April, 1867. It was reissued September 5, 1871, and again on August 1, 1873. The defendants, among other defenses, deny the validity of the reissue sued on. A reissue may be had when the original "is inoperative or invalid by reason of a defective or insufficient specification, when the same arises from inadvertence, accident, or mistake, without any fraudulent or deceptive intention." They are obtained, as originals, upon petition and affidavit of the applicants. These set forth the grounds upon which the applicant demands either the original or reissued patent.

A petition and affidavit were filed upon which the reissued patent sued on herein was predicated. But the affidavit does not affirm that the original or the first reissue was either inoperative or invalid, but in lieu of this statutory requirement the affidavit alleges that the same was not "fully valid and available." The language thus employed is not the equivalent of that prescribed by the statute; it is an evasion, declared by this court in *Whitely* v. *Swayne,* 4 Fisher, 117, to be insufficient to support a reissued patent. For a full discussion of the question reference may be had to Judge LEAVITT's opinion in that case. See, also, the following: *Giant Powder Co.* v. *Cal. Vigoret Powder Co.* 18 O. G. 1339; *Twain* v. *Ladd,* 19 O. G.; *Miller* v. *Bridgeport Brass Co.* 21 O. G. 201; and *James* v. *Campbell,* 21 O. G. 341.

The complainant's reissued patent, tested by these adjudications, was issued without authority of law, and is invalid. His bill will, therefore, be dismissed, with costs.